UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUSSELL REYNOLDS ASSOCIATES, INC., <br><br>                                  Plaintiff, <br><br>                   -v.- <br><br> NADEZDA USINA, <br><br>                                  Defendant. | 23 Civ. 2369 (JHR) <br><br> ORDER |

JENNIFER H. REARDEN, District Judge:

On April 28, 2023, the Court directed the parties to submit a joint letter regarding a proposed schedule for Plaintiff Russell Reynolds Associates, Inc.'s ("Plaintiff" or "Russell Reynolds") application for a preliminary injunction, ahead of the hearing on that application. On May 3, 2023, the parties filed a nominally "joint" letter indicating their disagreement on nearly all issues, including most of their proposed expedited discovery and hearing-related deadlines and numerous outstanding discovery requests. ECF No. 55.[1] As a result, each party proposed a separate schedule.

For the reasons explained below, the Court adopts neither party's proposed schedule. Instead, the Court sets forth below a schedule appropriately tailored to this application for emergency relief.

**DISCUSSION**

The parties' disagreements center in large part on the scheduling of expedited discovery ahead of the preliminary injunction hearing. Requests for expedited discovery are typically

---

[1] Despite the Court's clear directive, the parties did not confine their arguments to the so-called "joint" letter. After filing it, they proceeded to submit individual letters of their own contesting each other's positions on various matters (ECF Nos. 57, 59), with the latest of these submissions arriving no less than 24 hours ago. **The parties shall not send any further correspondence to the Court.**

appropriate where they "would better enable the court to judge the parties' interests and respective changes for success on the merits at a preliminary injunction hearing." *In re Keurig Green Mountain Single-serve Coffee Antitrust Litig.*, No. 14-CV-4242 (VSB), 2014 WL 12959675, at *2 (S.D.N.Y. July 23, 2014) (citation omitted). "Courts in this circuit apply a 'flexible standard of reasonableness and good cause' in evaluating motions for expedited discovery." *3M Co. v. HSBC Bank USA, N.A.*, No. 16 CIV. 5984 (PGG), 2016 WL 8813992, at *1 (S.D.N.Y. Oct. 21, 2016) (quoting *Milk Studios, LLC v. Samsung Elec. Co.*, No. 14 Civ. 9362 (PAC), 2015 WL 1402251, at *1 (S.D.N.Y. Mar. 26, 2015)). This test "requires a district court to examine the request 'on the entirety of the record to date and the *reasonableness* of the request *in light of all the surrounding circumstances*.'" *In re Keurig*, 2014 WL 12959675, at *1 (second emphasis added) (quoting *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005)).

"Where such discovery has been granted, courts have circumscribed the scope of such discovery." *Id.* at *2. Although "expedited discovery might be appropriate in connection with preliminary injunction motions," "[t]his does not give a preliminary injunction applicant an absolute right to merits discovery under [Federal Rule of Civil Procedure 26], and courts must tailor the discovery as appropriate." *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 590 B.R. 200, 208 (Bankr. S.D.N.Y. 2018); *cf.* Order, *Danone, US, LLC v. Chobani, LLC*, 18 Civ. 11702 (CM) (S.D.N.Y. Jan. 2, 2019), at 2 (cabining discovery in part because "[t]his is a preliminary injunction hearing, not a final trial on the merits"). The requested discovery must be "reasonably tailored to the time constraints under which both parties must proceed or to the specific issues that will have to be determined at the preliminary injunction hearing." *Irish Lesbian & Gay Org. v. Giuliani*, 918 F. Supp. 728, 731 (S.D.N.Y. 1996).

With these principles in mind, Defendant's position that all of the requested discovery can be completed—and the necessary pre-hearing submissions made—before her proposed May

18, 2023 hearing date, is not reasonable. In light of Defendant's refusal to consent to extending the temporary restraints imposed by the Court, the Court is constrained to set the hearing for a date on or before May 19, 2023. *See*, *e.g.*, *3M Co.*, 2016 WL 8813992, at *1-2 (denying requests for expedited discovery relating to a motion for a preliminary injunction that were "not reasonable," as it was "highly unlikely" that the party would be able to complete the discovery on the "expedited" schedule it suggested and before the temporary restraining order expired). Defendant's entreaties are all the more unreasonable considering the robust body of arguments and evidence already developed in connection with this preliminary injunction application, including a fully briefed motion and supporting affidavits from all of the individuals the parties now also seek to depose (with the exception of Mr. Alexandrakis).

Accordingly, the parties shall conduct discovery and abide by the pre-hearing procedures in this case, as follows:

**A. Depositions**

1. By **May 10, 2023**, the depositions of Defendant and Russell Reynolds employees Kimberly Archer and Renee Bell, shall be completed.

2. Plaintiff's request to depose non-parties Meredith Rosenberg, Mar Hernandez, and Libby Naumes is denied. It is not reasonable to expect that the Court will be able to compel these witnesses to appear for depositions prior to a preliminary injunction hearing before the temporary restraining order expires. However, Plaintiff may subpoena these individuals to appear at the hearing and offer them as witnesses from whom Plaintiff seeks to take testimony.

**B. Document Requests and Interrogatories**

1. By **noon** on **May 8, 2023**, all parties and non-parties shall respond and produce documents, absent objection, to any outstanding written requests for discovery.

2. By **close of business** on **May 8, 2023**, any party or non-party seeking to move to compel or quash any outstanding discovery requests (following a good faith meet and confer), shall file an appropriate letter-motion. Any response to such letter-motion shall be filed by **May 10, 2023**.

C. **Pre-Hearing Submissions**

1. By **May 12, 2023**, the parties shall file a Joint Pre-Hearing Order. The Order shall include all information relevant to the hearing, as set forth in Rule 7.A ("Joint Pre-Trial Order") of the Court's Individual Rules and Practices in Civil Cases.

2. Concurrently with the filing of the Joint Pre-Hearing Order, the parties shall file their respective Proposed Findings of Fact. The parties need not file Conclusions of Law. The Proposed Findings of Fact should be detailed and should include citations to the proffered testimony and exhibits.

3. **The parties may not submit additional memoranda of law (either pre- or post-hearing) without leave of Court.** The deadline for seeking leave is **May 12, 2023**.

4. By **May 12, 2023**, the parties shall serve, *but not file*, affidavits constituting the direct testimony of each hearing witness, except for the direct testimony of an adverse party or a person whose attendance is compelled by subpoena.

5. By **May 12, 2023**, the parties shall also serve, *but not file*, all deposition excerpts that will be offered as substantive evidence, as well as a one-page synopsis (with transcript citations) of those excerpts for each deposition. Witness affidavits are subject to the same evidentiary rules and restrictions as would apply in the case of live testimony. Accordingly, the parties should be diligent in complying with all applicable Rules of Evidence, including, but not limited to, the rules regarding hearsay, personal knowledge, and proper foundation, as well as the exclusion of witnesses pursuant to Federal Rule of

Evidence 615.

6. By **May 12, 2023**, each party shall mail or hand deliver to the Court and serve on opposing counsel, but not file on ECF, all documentary exhibits and demonstratives. All exhibits shall be submitted to Chambers in digital form on a CD-ROM, DVD, flash drive, or external hard drive; in addition, the Court shall be provided with a hard copy set of the exhibits. All exhibits should be pre-marked.

7. By **May 12, 2023**, documentary exhibits, the parties shall also email a list of all exhibits sought to be admitted, both in hard copy and in Microsoft Word format, to ReardenNYSDChambers@nysd.uscourts.gov. The list shall contain four columns labeled as follows: (1) "Exhibit No."; (2) "Description" (of the exhibit); (3) "Date Identified"; and (4) "Date Admitted." The parties shall complete the first two columns but leave the third and fourth columns blank, for use by the Court. Demonstratives that will not be introduced into evidence need not be listed, but they must be shared with the Court and opposing counsel.

8. By **May 15, 2023**, counsel for each party shall submit a list of all affiants whom he or she intends to cross-examine at the hearing. Only those witnesses who will be cross-examined need appear at the hearing. The original signed affidavits should be brought to the hearing to be marked as exhibits. At the start of the hearing, each party shall provide the Court with three (3) copies of a complete exhibit list.

**D. Hearing**

1. The preliminary injunction hearing will begin at **9:00 A.M.** on **May 18, 2023**, in Courtroom 12B of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York. The hearing will conclude at **5:00 P.M.**

SO ORDERED.

Dated: May 5, 2023
       New York, New York

_____
JENNIFER H. REARDEN
United States District Judge