UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUSSELL REYNOLDS ASSOCIATES, INC.,

                    Plaintiff,

-v.-

NADEZDA USINA,

                    Defendant.

23 Civ. 2369 (JHR)

ORDER

JENNIFER H. REARDEN, District Judge:

      Before the Court is Defendant's motion to compel the deposition of Plaintiff's Chief Executive Officer Constantine Alexandrakis prior to the May 18, 2023 preliminary injunction hearing in this action. ECF Nos. 54, 60. The Court is also in receipt of the parties' supplemental submissions, pursuant to the Court's May 8, 2023 Order, addressing the extent to which the recent depositions of two Russell Reynolds employees bear on whether to compel the requested deposition. ECF Nos. 68, 75 (filed under seal), 76. The Court GRANTS Defendant's motion.

## DISCUSSION

      "[B]ecause of the possibility of business disruption and the potential for harassment, courts give special scrutiny to requests to depose high-ranking corporate . . . officials, who are sometimes referred to as 'apex witnesses.'" *Markowitz v. Precipart Corp.*, No. 20 Civ. 5033 (GRB), 2022 WL 1508638, at *2 (E.D.N.Y. Apr. 15, 2022) (quoting *Chevron Corp. v. Donziger*, No. 11 Civ. 0691 (LAK), 2013 WL 1896932, at *1 (S.D.N.Y. May 7, 2013)). However, "because principles relating to apex witnesses are in tension with the broad availability of discovery, it is important to excuse a witness from giving testimony only in compelling circumstances." *Scott v. Chipotle Mexican Grill, Inc.*, 306 F.R.D. 120, 122 (S.D.N.Y. 2015) (citation omitted); *accord Naftchi v. N.Y. Univ. Med. Ctr.*, 172 F.R.D. 130, 132 (S.D.N.Y.1997) ("[I]t is exceedingly difficult to demonstrate an appropriate basis for an order barring the taking

of a deposition."). "Among the factors the Courts look to" in determining whether to compel an apex witness's deposition are "the likelihood that the individual possesses relevant knowledge, whether another source could provide identical information, the possibility of harassment, and the potential disruption of the business." *Markowitz*, 2022 WL 1508638, at *2 (citation omitted); *see Treppel v. Biovail Corp.*, No. 03 Civ. 3002 (PKL), 2006 WL 468314, at *1-2 (S.D.N.Y. Feb. 28, 2006); *Gen. Star Indem. Co. v. Platinum Indem. Ltd.*, 210 F.R.D. 80, 83 (S.D.N.Y. 2002).

The parties' submissions fail to show that Alexandrakis "do[es] not possess information relevant to [Plaintiff's] claims." *Gen. Star Indem. Co.*, 210 F.R.D. at 83. Nor do they demonstrate that Alexandrakis "possess[es] information that duplicates the information provided by" the recently deposed Russell Reynolds employees, Kimberly Archer and Renee Bell. *Id.* To the contrary, "it has been demonstrated that [Alexandrakis] ha[s] some unique knowledge pertinent to the issues" here. *Consol. Rail Corp. v. Primary Indus. Corp.*, No. 92 Civ. 4927 (PNL), 1993 WL 364471, at *1 (S.D.N.Y. Sept. 10, 1993); *see, e.g.*, *Six W. Retail Acquisition v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98, 102, 104 (S.D.N.Y. 2001) (granting plaintiff's motion to compel deposition of defendant's CEO where, after having deposed several "lower level corporate officials," the "plaintiff ha[d] presented sufficient evidence to infer that [the CEO] has some unique knowledge on several issues related to its claims"). Archer's and Bell's testimony, together with exhibits introduced during their depositions, suggests that "one-on-one meetings/conversations . . . to which only [Alexandrakis] could testify" may bear on issues relevant to Plaintiff's preliminary injunction motion. *Markowitz*, 2022 WL 1508638, at *2. Those issues include representations by executives to company employees that Usina allegedly had solicited co-workers at Russell Reynolds, and the role (if any) of those representations in Plaintiff's decision to file suit. *See, e.g.*, *Speadmark, Inc. v. Federated Dep't Stores, Inc.*, 176

F.R.D. 116, 117-18 (S.D.N.Y.1997) (rejecting plaintiff's motion to prohibit deposition of defendant's chairman and CEO, on the ground that the executive had been "involved in" certain key meetings and discussions).

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to compel the deposition of Constantine Alexandrakis. Defendant may depose Alexandrakis for one-and-a-half hours.

The Clerk of Court is directed to terminate ECF Nos. 54, 75, and 76.

SO ORDERED.

Dated: May 13, 2023
New York, New York

JENNIFER H. REARDEN
United States District Judge