UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUSSELL REYNOLDS ASSOCIATES, INC.,

                              Plaintiff,

              -v.-

NADEZDA USINA,

                              Defendant.

23 Civ. 2369 (JHR)

ORDER

JENNIFER H. REARDEN, District Judge:

IT IS HEREBY ORDERED that the preliminary injunction hearing scheduled for May 18, 2023 is ADJOURNED to June 13, 2023.  Additional information regarding the rescheduled proceeding will follow under separate order.

IT IS FURTHER ORDERED that the temporary restraints entered by the Court on April 21, 2023 at 4:52 PM (the "TRO"), ECF No. 45, are extended until the Court issues its decision on Plaintiff's application for a preliminary injunction.  For the reasons set forth below, the Court finds good cause for this extension.

First, good cause exists to allow the Court to evaluate late-stage motions filed within days of the preliminary injunction hearing previously scheduled for May 18, 2023—each of which is *sub judice* only as of May 15—that raise significant issues potentially bearing on the upcoming preliminary injunction proceedings.  These include a motion filed by Defendant on Sunday, May 14, and opposed by Plaintiff on May 15, seeking dismissal of the case for lack of subject matter jurisdiction.  *See* ECF Nos. 78-79, 93, 99.  For the sake of expediency, on May 16, the Court issued a short-form Order summarily denying Defendant's motion.  ECF No. 102.  The Court's longer-form decision, still in process, necessarily will issue by the time of the Court's decision on the preliminary injunction motion.  *Cf. Jones v. Belhaven Coll.*, 98 F. App'x 283, 284 (5th Cir. 2004) (affirming, under an abuse-of-discretion standard, the district court's decision to

extend a temporary restraining order until it "could hold a hearing on whether [it] had subject matter jurisdiction over the case" because "the court had the inherent authority to preserve the status quo until the question of its jurisdiction could be resolved").  In addition, on Saturday, May 13, Plaintiff moved to hold Defendant in contempt for allegedly violating the TRO.  ECF Nos. 87-91.  Pursuant to a May 14 Order to Show Cause, Defendant opposed on May 14, Plaintiff replied on May 15, and the Court heard argument on May 15.  ECF Nos. 92, 94, 96. The Court sees fit to allow the parties to further develop the record and brief the issues before the motion is decided.  *See SEC v. AriseBank*, No. 18 Civ. 186, 2018 WL 10419828, at *1 (N.D. Tex. Mar. 9, 2018) ("[c]ourts have found good cause to extend TROs, for example, where the court needed 'time to fully consider the various arguments and motions of the parties'" (citation omitted)); *id.* (collecting cases).

Second, at the request of both parties, *see* ECF No. 47, substantial expedited discovery has been conducted and is continuing.  An extension of the restraints will afford the Court sufficient time to evaluate the voluminous record that has developed.  *See, e.g.*, *Int'l Bus. Machines Corp. v. Rodrigo Kede de Freitas Lima*, 20 Civ. 4573 (PMH) (S.D.N.Y. July 23, 2020) (finding that the court's "need [for] additional time to [*inter alia*] consider the voluminous record created" constituted good cause to extend the temporary restraints until after "the [preliminary injunction] hearing and determination of plaintiff's motion for a preliminary injunction"); *The Trs. of Columbia Univ. in the City of N.Y. v. Encyclopaedia Iranica Found.*, 19 Civ. 7465 (AT) (S.D.N.Y. Aug. 26, 2020) (holding that extension of temporary restraints was supported by good cause, *viz.*, "such [additional] time will allow the Court to consider the parties' submissions").

Finally, against the backdrop of the foregoing, good cause supports allotting sufficient time for the Court to prepare its decision on Plaintiff's preliminary injunction motion.  *See, e.g.*,

*Delcath Sys., Inc. v. Ladd*, No. 06 Civ. 6420 (LAP), 2006 WL 2708459, at *6 (S.D.N.Y. Sept. 20, 2006) (finding "good cause for extension of the temporary restraining order . . . . pending decision on [plaintiff's] motion for a preliminary injunction"); *Women's Med. Pro. Corp. v. Taft*, 199 F.R.D. 597, 598 (S.D. Ohio 2000) (authorizing an extension of the temporary restraining order "for good cause shown [*i.e.*,] the need to properly prepare its decision on the Plaintiffs' Motion for Preliminary Injunction"); *Int'l Bus. Machines Corp.*, 20 Civ. 4573, at 1 (the court's "need [for] additional time to [*inter alia*] . . . decide the motion" constituted good cause).

    SO ORDERED.

Dated: May 17, 2023
      New York, New York

JENNIFER H. REARDEN
United States District Judge